1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10
11  CHARLES MARTINEZ,
                                           NO. CIV. S-04-1446 LKK/PAN
12
              Plaintiff,
13
       v.                                  O R D E R
14
    FIRST NATIONAL INSURANCE
15  COMPANY; and SAFECO INSURANCE
    COMPANY OF AMERICA,
16
              Defendants.
17                                    /

18       On June 24, 2004 plaintiff Charles Martinez filed suit against
19  First National Insurance Co. alleging breach of an insurance
20  contract, bad faith and negligence relative to a claim for
21  vandalism resulting in injury to plaintiff's property. The court
22  issued a status order on October 20, 2004 indicating that discovery
23  would close on October 18, 2005 and that experts should be
24  designated, and their reports filed, by August 19, 2005. Defendant
25  First National disclosed its expert, Paul Hamilton, by the
26  specified date but failed to include the written report required

1 by this court's status order and by Rule 26(a)(2)(b) of the Federal
2 Rules of Civil Procedure. The expert report was not filed until
3 September 30, 2005. Plaintiff now moves to strike defendant's
4 expert witness and report on the grounds that the report was
5 disclosed after the mandatory deadline established by this court.

6     This court's Status Order filed on October 20, 2004 provided
7 that:

> all counsel are to designate in writing and file with
> the court and serve upon all other parties a final list
> of the names of all expert that they propose to tender
> at trial not later than sixty (60) days before the close
> of discovery herein established. Accompanying the
> designation shall be the written report specified in
> Fed. R. Civ. P. 26 A2B. All experts so designated are
> to fully prepared to render an informed opinion at the
> time of <u>designation</u> so that they may fully participate
> in any deposition taken by the opposing party.

14     Plaintiff contends that the report should be stricken because
15 it was filed over a month after the date it was due and it thus did
16 not allow sufficient time for the plaintiff to "research and
17 investigate the expert's written report and related information and
18 then schedule and prepare for deposition" prior to the cut-off of
19 discovery. Defendants respond that they had good cause to be tardy
20 in their filing because the matter had been referred to the
21 Voluntary Dispute Resolution Program and thus the parties did not
22 conduct discovery as they were "conserving resources." They
23 further contend that plaintiff has failed to establish any
24 prejudice by the late filing. They base the lack of prejudice upon
25 the fact that the plaintiff never scheduled the expert's
26 deposition, even after the report was disclosed, nor did the

1 plaintiff ever meet and confer with defendants counsel with respect
2 to his need to have time to conduct research, etc.
3     The court's status order starts out with the following
4 reminder:
5    READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES
    WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL
6    COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY
    WITH THE TERMS OF THIS ORDER MAY RESULT IN THE
7    IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN
    THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER
8    OF JUDGMENT.
9     Defendant apparently believes that these deadlines are not all
10 that important if defendant has other things going on, and, even
11 worse, defendant argues that plaintiff has an obligation to remind
12 the defendant of its obligation to comply before plaintiff can
13 fairly seek an appropriate remedy.
14     Rule 37 provides that "A party that without substantial
15 justification fails to disclose information required by Rule 26(a)
16 . . . is not, unless such failure is harmless, permitted to use as
17 evidence at a trial, at a hearing, or on a motion any witness or
18 information not so disclosed."  Fed. R. Civ. P. 37.  The
19 justification provided by the defendant is simply not substantial
20 enough to overcome their duty to comply with the court's order.
21 The court did not put on hold the deadlines in the status order
22 while the dispute resolution process was pending and thus all the
23 parties had an obligation to continue to comply with those dates.
24 The fact that the defendants retained Mr. Hamilton late is not the
25 fault of the court or the plaintiffs.  Nor have defendants shown
26 how their failure to provide the expert report was harmless.

1  Plaintiff has the right to the time the court provided for research
2  and investigation prior to the close of discovery.  The court
3  provides sixty days to schedule and prepare for depositions of
4  experts and defendants' late filing allowed for less than a month.
5      Accordingly, plaintiff's motion to strike the expert is
6  GRANTED.
7      IT IS SO ORDERED.
8      DATED:  October 25, 2005

             /s/Lawrence K. Karlton
9            LAWRENCE K. KARLTON
             SENIOR JUDGE
10           UNITED STATES DISTRICT COURT

4