UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES MARTINEZ,

          Plaintiff,

   v.

FIRST NATIONAL INSURANCE COMPANY; and SAFECO INSURANCE COMPANY OF AMERICA,

          Defendants.
_____/

NO. CIV. S-04-1446 LKK/PAN

O R D E R

    On October 25, 2005, the court granted plaintiff's motion to strike defendants' expert witness report due to defendants' failure to disclose the expert witness report in the time required by the court's order. Defendants now ask this court to reconsider its decision. Plaintiff opposes the motion.

    "Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir.

1

1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993)).  Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process.  Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion."  Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice.  See Alexander, 106 F.3d at 876.

As with motions to alter or amend a judgment made pursuant to Fed. R. Civ. P. 59(a), motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented.  See Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling.  See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990).  Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration.  See id.

////

1  These relatively restrictive standards "reflect[] district courts'
2  concern for preserving dwindling resources and promoting judicial
3  efficiency." <u>Costello</u>, 765 F. Supp. at 1009.
4      As these standards demonstrate, defendants must set out either
5  new information that was not available earlier, a change of law,
6  or simply clear error.  Unfortunately, defendants are unable to
7  provide sufficient information to satisfy any of the above-listed
8  criteria for reconsideration.  They have not tendered any further
9  information or suggestion of a change in the law, nor are they able
10 to show that the court committed clear error in applying Fed. R.
11 Civ. P. 37.  Accordingly, the motion for reconsideration is DENIED.
12     Although defendants' motion is denied, it was not frivolous
13 in light of the difficult situation it creates for their defense
14 and therefore plaintiff's request for monetary sanctions for the
15 bringing of a frivolous motion for reconsideration is likewise
16 DENIED.
17     IT IS SO ORDERED.
18     DATED:  December 5, 2005

<u>/s/Lawrence K. Karlton</u>
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT